**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSEPH MARIO TEJADA BARRIOS,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1239-D** |
| **FRED FIGUEROA, WARDEN OF THE DIAMONDBACK CORRECTIONAL FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Joseph Mario Tejada Barrios, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 6.[2] United States District Judge Timothy D. DeGiusti referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C).

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doc. 4.[3] Respondents filed a response, Doc. 14[4], and the time for Petitioner to reply has lapsed.[5] *See* Doc. 11, at 1. So the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant Petitioner's request for habeas relief in part and order Respondents to provide him with an individualized bond hearing within ten days or otherwise Petitioner from custody.

---

3 Petitioner filed this action on May 28, 2026, Doc. 1, and filed the operative Amended Petition on June 24, 2026, Doc. 6.

4 The Court directed the Clerk to send copies of the Amended Petition and supporting memorandum to the United States Attorney for this District "on Respondent's behalf." Doc. 11, at 1-2. The U.S. Attorney entered an appearance on behalf of Mr. Robert Cerna, the Acting Director of the Dallas Field Office of ICE Enforcement and Removal Operations, but not on behalf of Respondent Fred Figueroa, Warden of the Diamondback Correctional Facility, who is not a federal official. Doc. 13; Doc. 14, at 1 n.1. Mr. Figueroa is Petitioner's immediate custodian and remains a proper Respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The undersigned therefore adds Robert Cerna as a Respondent and references to "Respondents" in this Report and Recommendation include both Mr. Figueroa and Mr. Cerna. *See* 28 U.S.C. § 2243 (writ "shall be directed to the person having custody of the person detained").

5 Petitioner has filed several other submissions, including: a letter concerning an alleged June 12, 2026, assault at the Diamondback Correctional Facility, Doc. 8; a Motion for Stay of Removal, Doc. 9; a letter requesting immediate release and humanitarian parole, Doc. 12; and a Motion to Appoint Counsel, Doc. 15. Given the disposition recommended below, the undersigned recommends the Court deny the Motion to Appoint Counsel, Doc. 15, as moot. The undersigned addresses Docs. 8, 9, and 12 below.

## I. Factual background and procedural history.[6]

Petitioner is a native and citizen of Peru.[7] Immigration and Customs Enforcement (ICE) took Petitioner into custody on September 5, 2025, following an arrest the previous day after a traffic stop in Secaucus, New Jersey. Doc. 6, at 2. Respondents apparently initiated removal proceedings against him, and an Immigration Judge (IJ) ordered Petitioner removed on December 3, 2025. *Id.* Petitioner's appeal to the Board of Immigration Appeals is pending, and the removal order is not administratively final. *Id.*[8] *See* 8 U.S.C. § 1101(a)(47)(B). On February 7, 2026, Petitioner was transferred to the Diamondback Correctional Facility in Watonga, Oklahoma, where he remains. Doc. 6, at 2.[9]

---

6 Respondents have not provided any documentation of Petitioner's immigration history, such as the Notice to Appear, a form I-213, or any documents detailing Petitioner's initial entry into the United States or the circumstances of his September 2025 detention. *See* Doc. 14. The factual background accordingly reflects Petitioner's account, drawn from his verified filings.

7 The Petition does not state Petitioner's nationality; however, it includes Petitioner's "Alien Registration Number," which allowed the undersigned to determine his nationality through online immigration records. *See* Doc. 6, at 1.

8 *See* EOIR Automated Case Information System, acis.eoir.justice.gov/en/caseInformation (last visited Sep. 4, 2026).

9 *See* ICE Detainee Locator, locator.ice.gov/odls/#/results (last visited Sep. 4, 2026).

## II. Petitioner's claims.

At bottom, Petitioner asserts his detention without an individualized custody hearing violates his Fifth Amendment right to due process. Doc. 6, at 3. Petitioner seeks immediate release or a "[p]rompt individualized bond hearing at which the Government bears the burden of proof." *Id*. at 5.

Although not specifically invoked, the undersigned liberally construes the Amended Petition to include a claim that Petitioner is detained under the discretionary authority of 8 U.S.C. § 1226(a) and is statutorily entitled to a bond hearing before an IJ. Respondents have adopted the same construction. *See* Doc. 14, at 2.

## III. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## IV. Discussion.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner asserts in part that the Government's continued detention of him without an individualized custody determination is unlawful. Doc. 6, at 3-5. Respondents "contend[] that Petitioner is held pursuant to 8 U.S.C. § 1225(b)(2)(A) and is not entitled to a bond hearing," but they acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), "compels a different outcome." Doc. 14, at 2. The undersigned agrees.

"[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026) (quoting *Santillan Quiroz*, 180 F.4th at 1240); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Nothing in the record documents the circumstances of Petitioner's entry into the United States. The record does show, however, that ICE detained Petitioner in the interior of the country following a traffic stop in Secaucus, New Jersey, where he had been residing and working. *See* Doc. 6, at 2. Petitioner was not "seeking admission" at the border when ICE detained him. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who had resided in the interior for years before ICE detained him "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

The Court should thus conclude that Petitioner's present detention is governed by § 1226(a), not § 1225(b).

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. "Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3; *see, e.g.*, *Santillan Quiroz*,

180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

According to Petitioner, the Government has not provided him with an individualized custody determination since his detention in September 2025. Doc. 6, at 2; *see, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance" and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a).").

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days or

otherwise release Petitioner. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[10]

### C. The Court should decline to address Petitioner's remaining claims.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining constitutional claims. *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of

---

[10] Petitioner requests the Court place the burden on the Government at a bond hearing to prove he is not a danger to the community or flight risk by clear and convincing evidence. Doc. 6, at 5. But the Court has previously declined to order burden shifting. *See, e.g., Zhang v. U.S. District Court*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

Petitioner's due process claim."); *see also Ramos* Perez, 2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing). The Court should also deny or dismiss Petitioner's remaining requests for relief.[11]

## V. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's habeas petition in part and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral Immigration Judge within ten days or otherwise release Petitioner from custody.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing

[11] Because the undersigned recommends a bond hearing rather than release, the Court should deny Petitioner's request for immediate release. Doc. 12, at 1; *see Todyrenchuk*, 2026 WL 2186977, at *3. The Court should dismiss Petitioner's Motion for Stay of Removal, Doc. 9, for lack of jurisdiction, *see* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999), and should likewise dismiss without prejudice Petitioner's requests for humanitarian parole, Doc. 12, at 2, and U-visa guidance, Doc. 8, at 2, which rest in the discretion of the Secretary of Homeland Security and the exclusive jurisdiction of United States Citizenship and Immigration Services. *See* 8 U.S.C. §§ 1182(d)(5)(A), 1252(a)(2)(B)(ii); 8 C.F.R. § 214.14(c)(1). Lastly, Petitioner's requests arising from the alleged June 12, 2026 assault at the detention facility, Doc. 8, challenge the conditions of his confinement rather than the fact or duration of his custody, are not cognizable in habeas, and should be dismissed without prejudice to any available administrative remedy or civil rights action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

a status report within ten business days of the Court's order and promptly providing a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned further recommends that the Court **deny** Petitioner's request for immediate release, Doc. 12; **dismiss without prejudice** for lack of jurisdiction Petitioner's Motion for Stay of Removal, Doc. 9, and his requests for humanitarian parole and U-visa relief, Docs. 8, 12; and **dismiss without prejudice** Petitioner's conditions-of-confinement requests, Doc. 8. *See supra* n.11. Finally, the undersigned recommends the Court **deny as moot** Petitioner's Motion to Appoint Counsel, Doc. 15. *See supra* n.5.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by September 14th, 2026,[12] in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to

---

[12] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of September, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE