**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JOSEPH MARIO TEJADA BARRIOS,<br><br>Petitioner,<br><br>v.<br><br>FRED FIGUEROA, WARDEN<br>OF THE DIAMONDBACK<br>CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | ) | Case No. CIV-26-1239-D |

**ORDER**

Petitioner Joseph Mario Tejada Barrios filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 6]. Petitioner is a citizen of Peru. [Doc. No. 16]. Petitioner was detained by the U.S. Immigration and Customs Enforcement ("ICE") on September 5, 2025, and his removal proceedings are ongoing. [Doc. No. 6, at p. 2]. He is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id*.

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). [Doc. No. 14]. Construing *pro se* Petitioner's Amended Petition liberally, he challenges his re-detention by ICE on various grounds, to include Petitioner's claim that his detention violates his due process rights, and that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226, at which the government should bear the burden of proof. [Doc. No. 1]. Respondents filed a response in opposition [Doc. No. 14].

The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 4]. Judge Mitchell issued a Report and Recommendation ("Report"), recommending that the Court grant in part the Amended Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). [Doc. No. 16]. Judge Mitchell also recommended that the Court decline to address the issues of whether ICE violated Petitioner's right to due process or whether the government should bear the burden of justifying Petitioner's detention by clear and convincing evidence at his bond hearing. *Id.* Additionally, Judge Mitchell recommended that the Court dismiss without prejudice for lack of jurisdiction Petitioner's Motion for Stay of Removal [Doc. No. 9] and his motions for humanitarian parole and U-visa relief [Doc. Nos. 8, 12], and dismiss without prejudice his motion regarding the conditions of his confinement [Doc. No. 8]. *Id.* Judge Mitchell also recommended denying as moot Petitioner's Motion to Appoint Counsel. [Doc. No. 15]. *Id.*

Respondents filed a timely Objection to the Report, asserting that Petitioner is properly detained under 8 U.S.C. § 1225(b), but conceding that pursuant to *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), he is entitled to a bond hearing. [Doc. No. 22]. Petitioner objected in part, arguing that the Court should order his release because his detention violates his right to due process. [Doc. No. 21].

Accordingly, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the

recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court agrees with Judge Mitchell's determination that Petitioner is detained pursuant to 8 U.S.C. § 1226, not § 1225(b)(2)(A). Moreover, the Court agrees with Judge Mitchell's conclusion that the relief warranted is a bond hearing pursuant to § 1226. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Additionally, the Court agrees with Judge Mitchell's recommendation to decline to address the issue of whether to place the burden on the government to justify Petitioner's detention pending removal proceedings, at this time. *See Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. Apr. 16, 2026) (finding a burden shift premature where "no immigration judge has conducted a bond hearing in Petitioner's case, much less allocated the burden of proof or applied the particular facts of this case to the evidentiary framework."); *see also Singh v. Figueroa*, No. CIV-26-600-R, 2026 WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (same); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) (same).

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 16] is **ADOPTED**. The Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 6] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Stay of Removal [Doc. No. 9] and his motions for humanitarian parole, U-visa relief, and alteration of his conditions of confinement [Doc. Nos. 8, 12] are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel [Doc. No. 15] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 15th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.